IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD G. STACY,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

Case No. 3:11-CV-00655-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

Donald Stacy ("plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-403, 1381–83(f). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Based on a careful review of the record, the Commissioner's decision should be affirmed and this case

Page 1 - FINDINGS AND RECOMMENDATION

dismissed.

### *Procedural Background*

Plaintiff filed an application for DIB on July 11, 2001, alleging disability as of June 30, 1994. (Tr. 16, 127.) After his application was denied initially and upon reconsideration, a hearing was held on September 17, 2002 before Administrative Law Judge ("ALJ") Jean Kingrey. (Tr. 15.) On October 23, 2002, ALJ Kingrey issued a decision finding plaintiff not disabled. (Tr. 22.) The Appeals Council denied plaintiff's subsequent request for review, and plaintiff filed a complaint in this District. (Tr. 1-3.) Magistrate Judge Jelderks reversed and remanded the case for further proceedings. (Tr. 382-383.) His order stated,

> The ALJ will recontact Plaintiff's treating physicians regarding his visual acuity for the period at issue, and will further evaluate Plaintiff's subjective complaints. The ALJ will obtain additional evidence from medical and vocational experts, as needed. The ALJ will further evaluate and document Plaintiff's work activity after the alleged onset date. The ALJ will take any other actions necessary to develop the record and issue a new decision. Plaintiff will be afforded the opportunity to submit additional evidence and argument.

*Id.*

After a second hearing was held on January 11, 2006, the ALJ again denied plaintiff's application, and plaintiff again appealed to the District court. (Tr. 3354, 1761.) On April 17, 2008, Judge Mosman remanded the case with instructions to "formulate a correct RFC, further evaluate step five of the disability analysis, and otherwise comply with [Judge Jelderks's] remand order." (Tr. 1809.) The Appeals Council accordingly vacated the Commissioner's decision and remanded the case for further proceedings. (Tr. 1812.)

After a third hearing, ALJ Marilyn Mauer issued a decision finding plaintiff capable of returning to his past relevant work and therefore not disabled. (Tr. 1794.) The Appeals Council

Page 2 - FINDINGS AND RECOMMENDATION

denied plaintiff's request for review, making ALJ Mauer's decision the final decision of the Commissioner. (Tr. 1777.) Plaintiff now seeks judicial review of that decision.

### *Factual Background*

Born on September 5, 1939, plaintiff was 54 years old on the alleged onset date of disability and 69 years old on the date of the third hearing. (Tr. 109.) Prior to the alleged onset date, plaintiff worked for 17 years as a stationary engineer for the Oregon Department of Corrections. (Tr. 164-65.)

### *Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less

Page 3 - FINDINGS AND RECOMMENDATION

than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. § 404.1520(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. § 404.1566.

### *The ALJ's Findings*

At step one of the five-step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 1790.) At

step two, the ALJ found that plaintiff's coronary artery disease and reduced bilateral vision were severe impairments. (*Id.*) At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. (Tr. 1791.)

As such, the ALJ continued the sequential evaluation process to determine how plaintiff's medical limitations affected his ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: he can lift or carry 40 pounds occasionally and 20 pounds frequently; he can sit, stand, or walk each for 6 hours in an 8-hour day, for a combined total of 8 hours; he must use a cane rarely when his gout flares; his bilateral visual impairment should be corrected sufficiently to operate motor vehicles and read ordinary print and computer fonts. (Tr. 1791.) At step four, the ALJ concluded that plaintiff was capable of performing his past relevant work as a supervisory station engineer and, accordingly, that he was not disabled within the meaning of the Act. (Tr. 1793-94.)

## *Discussion*

Plaintiff argues that the ALJ erred by: (1) finding at step four that plaintiff could return to his past relevant work; (2) failing to make findings at step five as to whether plaintiff could perform work in the national economy; and (3) disregarding the District Court's remand order (Pl.'s Opening Br. 2.) Because the ALJ's opinion is supported by substantial evidence, his opinion should be affirmed.

I.  <u>Plaintiff's past relevant work</u>

Plaintiff argues that the ALJ erred in finding that plaintiff could return to his past relevant work as it is generally performed in the national economy. (Pl. Opening Br. 9.) At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his past

Page 5 - FINDINGS AND RECOMMENDATION

relevant work "either as actually performed or as generally performed in the national economy." *Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008). In making his determination at step four, the ALJ is therefore permitted to consider both plaintiff's past relevant job title *and* the duties plaintiff actually performed. To meet his burden at step four, the claimant must prove an inability to return to his "former *type of work* and not just his former job." *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (emphasis added).

As noted, the ALJ assessed plaintiff's RFC and found him capable of performing less than a full range of medium work. (Tr. 1791.) The ALJ found plaintiff last worked as a supervisory station engineer on June 30, 1994, and concluded that plaintiff has past relevant work as a supervisory engineer under 20 C.F.R. 404.1565. The VE testified that someone with plaintiff's limitations could perform work as a supervisory station engineer, (Tr. 1909), and the ALJ concluded that plaintiff could perform his past relevant work and was therefore not disabled. (Tr. 1794.)

Plaintiff challenges this finding. First, he argues that the ALJ stipulated that plaintiff's past relevant work was limited to the job of stationary engineer. The Court disagrees. During the hearing, plaintiff testified that he served as a supervisor at the Department of Corrections for roughly fifteen years, and estimated that "probably 70 to 75 percent" of his work "was supervisory." (Tr. 1906, 1908.) Plaintiff indicated that the remaining 25 to 30 percent of his work was non-supervisory. The VE determined that plaintiff actually performed the latter work at a level of skilled, medium exertion, based on his actual job duties. (Tr. 1909.) Thus, plaintiff's past relevant work *as he performed it* included both work as a stationary engineer *and* as a supervisory stationary engineer, with the majority of plaintiff's past relevant work dedicated to

Page 6 - FINDINGS AND RECOMMENDATION

the latter position. *See Carmickle*, 533 F.3d at 1166. The VE's testimony indicates that, although plaintiff's RFC precluded him from working under his former job title as a stationary engineer, he was capable of performing his former type of work as a supervisor.[1] (Tr. 1909.) " *Pinto*, 249 F.3d at 844-45.

Plaintiff argues, second, that the ALJ erred by finding that plaintiff could perform his past relevant work as a stationary engineer. The VE testified that a hypothetical worker with plaintiff's characteristics could not perform work "[a]s [plaintiff] performed the stationary engineer." (Tr. 1909.) As noted, however, the VE testified that the hypothetical worker could perform plaintiff's past relevant work as *supervisory station engineer*, and the ALJ's finding that plaintiff could perform past relevant work was limited to this type of work. (Tr. 1794, 1909.) Thus, plaintiff's contention that the ALJ found that he could perform past work as a stationary engineer is not borne out by the record. The ALJ's finding that plaintiff could perform his past relevant work as a supervisory station engineer was supported by substantial evidence and should be upheld.

III. Step Five Findings

Plaintiff also argues that the ALJ erred by failing to making findings at step five as to whether plaintiff could perform other work in the national economy. As noted, plaintiff had the burden at step four to prove that he cannot perform his past work, "either as actually performed

---

[1] Despite plaintiff's contention that the VE was referring to "other work," not plaintiff's past relevant work, the ALJ's conclusion was a reasonable interpretation of the evidence, and will not be disturbed. *See Burch v. Barnhart*, 400 F3d 676, 679 (9th Cir 2005) (holding that variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner).

Page 7 - FINDINGS AND RECOMMENDATION

or as generally performed in the national economy." *Carmickle*, 533 F.3d at 1166. Because plaintiff failed to meet his burden at step four, the ALJ was not required to reach step five. *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e).

IV.  Compliance with the Remand Order

Plaintiff argues that the ALJ disregarded the remand order to "formulate a correct RFC, further evaluate step five of the disability analysis, and otherwise comply with the previous remand order" because she failed to reconsider step five and "reopened the case at step four." (Pl.'s Opening Br. 5-6; Tr. 1807.) Plaintiff argues that this error, alone, requires reversal of the ALJ's decision and entitles him to the immediate payment of benefits. (*Id.* (citing *Ischay v. Barnhart*, 383 F.Supp. 1199, 1214 (C.D. Cal. 2005).) Other than those issues discussed above, plaintiff does not specifically challenge any of the ALJ's findings, nor does he address how the ALJ's alleged failure to follow the remand order was harmful. (*Id.*; Pl.'s Reply Br. 1-4.)

The reviewing court's remand order may include "detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) (citation omitted). The ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b); *Brink v. Astrue*, Case No. 3:12-CV-01131-MA, 2013 WL 1785803, *4 (D. Or. Apr. 24, 2013). Nevertheless, the failure to follow a remand order is not a proper basis for the reviewing court to reverse or remand the ALJ's final decision regarding a claimant's disability. *See Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1136–1138 (9th Cir. 2011) (district court erred in awarding benefits for failure to follow remand order without first ascertaining whether the claimant was disabled).

Page 8 - FINDINGS AND RECOMMENDATION

precluded by the remand order from performing steps one through four misrepresents the content of the order and should therefore be rejected.

Even if the ALJ's failure to reach step five was not in compliance with the remand order, plaintiff does not provide any argument or evidence regarding how the ALJ's alleged error was harmful. Thus, "plaintiff neglected to provide a basis to reverse and remand the ALJ's decision." *Brink*, 2013 WL 1785803 at *4; *see also Wick v. Astrue*, Case No. 3:08-CV-06108-MO, 2009 WL 2393106, *2-15 (D. Or. July 31, 2009) (ALJ's lack of compliance with the Ninth Circuit's remand order warranted reversal only to the extent that the court found harmful error in regard to the other issues expressly raised and argued by the plaintiff) (citing *Sullivan*, 490 U.S. at 885-86).

Further, in light of the ALJ's correct finding that plaintiff could perform his past relevant work, the Court's independent review of the record does not indicate that the ALJ's failure to reach step five was prejudicial or relevant to the ultimate disability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (outlining harmful error standard); *see also McLeod v. Astrue*, 640 F.3d 881, 887-88 (9th Cir. 2011) (as amended) ("[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm"). Therefore, if the ALJ erred in failing to reach step five in accord with the remand order, any error was harmless. As such, the ALJ's decision should be affirmed.

### *Recommendation*

For the reasons stated above, the Commissioner's decision should be AFFIRMED and this case DISMISSED.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order

Page 10 - FINDINGS AND RECOMMENDATION

Rather, "[t]he ALJ's errors are relevant only as they affect [the disability] analysis on the merits. A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* at 1138. Accordingly, irrespective of whether the ALJ complied with the remand order, the issue before this Court is whether the ALJ's decision is based on substantial evidence and is free of legal error. *See Strauss*, 635 F.3d at 1138; *see also Hernandez-Devereaux v. Astrue*, 614 F. Supp. 2d 1125, 1134 (D. Or. 2009) ("to the extent that the ALJ here failed to properly follow the [remand] instructions, she committed reversible error unless the errors were harmless, i.e., they would not have affected the ALJ's ultimate conclusions") (citation omitted).

As an initial matter, the ALJ's action is not in conflict with Judge Mosman's remand order. That order included instructions to comply with Judge Jelderks's initial remand order, which states in relevant part that the "ALJ will further evaluate and document Plaintiff's work activity after the alleged onset date." (Tr. 382.) As noted, the remand order contains instructions for the ALJ to obtain, as needed, new testimony from vocational experts. This suggests that Judge Jelderks intended the ALJ to consider evidence regarding the level of skill utilized in plaintiff's actual job performance, in addition to the original VE's testimony regarding the DOT classification of plaintiff's past relevant work. Looking at Judge Jelderk's recommendation as a whole, then, it appears that he intended that the ALJ consider plaintiff's actual work activity; not merely his job title. By reviewing the record, holding a hearing, and performing steps one through four in the sequential analysis, the ALJ was thus in compliance with both remand orders. As noted, the ALJ found at step four that plaintiff could return to his past relevant work and thus was not required to reach step five. (Tr. 1793-94.) Plaintiff's argument that the ALJ was

Page 9 - FINDINGS AND RECOMMENDATION

is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 1st day of July, 2013.

_____
JOHN V. ACOSTA
United States Magistrate Judge

Page 11 - FINDINGS AND RECOMMENDATION