IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD G. STACY,                                    3:11-cv-00655-AC

         Plaintiff,                                 ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

         Defendant.

BROWN, Judge.

    Magistrate Judge John V. Acosta issued Findings and

Recommendation (#33) on July 2, 2013, in which he recommends this

Court affirm the Commissioner's decision denying Plaintiff's

---

[1]  Carolyn W. Colvin became the Acting Commissioner of
Social Security on February 14, 2013.  Pursuant to Rule 25(d) of
the Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of section 205(g) of the Social Security Act,
42 U.S.C. § 405.

 1  -  ORDER

application for disability insurance benefits.  Plaintiff filed
timely Objections to the Findings and Recommendation.  The matter
is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and
Federal Rule of Civil Procedure 72(b).

## PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits on
July 11, 2001.  After a September 2002 hearing an ALJ found at
Step Four that Plaintiff was not capable of performing his past
relevant work, but was not disabled.  Plaintiff appealed, and the
Appeals Council denied review.  Plaintiff appealed to this Court,
and in September 2004 Magistrate Judge John Jelderks remanded the
matter for further administrative proceedings.

On January 11, 2006, an ALJ held a second hearing and again
found Plaintiff unable to perform his past relevant work but not
disabled.  The Appeals Council declined jurisdiction, and
Plaintiff appealed to this Court.  On April 17, 2008, United
States District Judge Michael Mosman remanded for further
administrative proceedings.

An ALJ held a third hearing and on December 29, 2008, found
Plaintiff was able to perform his past relevant work and,
therefore, was not disabled.  On May 27, 2011, Plaintiff filed
his Complaint appealing the ALJ's decision, and the Magistrate
Judge's Findings and Recommendation address that Complaint.

**STANDARDS**

When any party objects to any portion of the Magistrate

Judge's Findings and Recommendation, the district court must make

a *de novo* determination of that portion of the Magistrate Judge's

report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall,* 561

F.3d 930, 932 (9ᵗʰ Cir. 2009); *United States v. Reyna-Tapia,* 328

F.3d 1114, 1121 (9ᵗʰ Cir. 2003)(*en banc*).  Accordingly, this

Court applies that standard.


**DISCUSSION**

In his Objections Plaintiff contends the law-of-the-case and

the rule-of-mandate doctrines precluded the ALJ from making a

Step Four finding on the third remand that Plaintiff had the

ability to perform prior relevant work.  Plaintiff cites the

latest Remand Order (April 2008) that directs the ALJ to

"formulate a correct RFC [residual functional capacity], further

evaluate step five of the disability analysis, and otherwise

comply with the previous remand order."  Tr. 1807.

Application of the law-of-the-case doctrine is

discretionary.  *Hall v. City of Los Angeles,* 697 F.3d 1059, 1067

(9ᵗʰ Cir. 2012).  The Ninth Circuit has identified circumstances

in which the law-of-the-case doctrine should not be applied,

which includes instances when the evidence on remand is

substantially different than the original evidence.  *United*

*States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997)(citing *Thomas v. Bible,* 983 F.2d 1522, 155 (9th Cir. 1993)).

In the initial hearing before the ALJ, he found at Step Four that Plaintiff was not capable of performing his past relevant work based on the testimony of a Vocational Expert (VE). Tr. 19, 101. After considering the Plaintiff's testimony as to his past relevant work, the VE testified Plaintiff was a working supervisor and "most all of them with the state are working supervisors and within that 17-year period, he had heavy work throughout. . . ." Tr. 101. The ALJ determined Plaintiff could not return to his past relevant work with a "heavy" exertional level.

In the second hearing the ALJ relied on the VE testimony given at the first hearing, and the ALJ again found Plaintiff was unable to perform his past relevant work. Tr. 362.

At the third hearing the ALJ questioned Plaintiff about his work after his alleged disability onset date and about his other previous work. Tr. 1903-08. Plaintiff testified he had spent 70-75 percent of his time on supervisory functions. Tr. 1908. Specifically, Plaintiff testified he trained the boiler operators, scheduled work, assigned duties, participated in hiring, performed performance evaluations, counseled employees when performance was unacceptable, and trained on personnel policies. Tr. 1906-08.

Plaintiff has the burden of showing that he can no longer perform his past relevant work as a stationary engineer supervisor.  *See* 20 C.F.R. §§ 404.1512(a), 404.1520(f).  *See also Barnhart v. Thomas,* 540 U.S. 20, 25 (2003).  Plaintiff does not cite any authority for the proposition that he was relieved of that burden during these remand proceedings.  Thus, the ALJ did not err when he elicited Plaintiff's testimony as to the details of his past relevant work, and Plaintiff provided significant new information that the ALJ was entitled to consider.

At the third hearing the VE testified a hypothetical individual with Plaintiff's characteristics could not perform the stationary engineer position, but he testified Plaintiff could perform the stationary engineer supervisor position that Plaintiff described in his testimony.  Tr. 1909.  The ALJ properly relied on the VE's testimony and, accordingly, found Plaintiff was not disabled because he could perform past relevant work.  20 C.F.R. § 404.1560(b)(2).  *See also Carmickle v. Comm'r,* 533 F.3d 1155, 1166 (9th Cir. 2008).

In his Objections Plaintiff otherwise merely reiterates the arguments contained in his briefs.  This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court has reviewed the pertinent portions of the record *de novo*

5  -  ORDER

and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#33).  Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 11th day of September, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6  -  ORDER